UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

_____

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| v. | ) | Case No. 06-CV-2073 |
| | ) | |
| **STEVEN PRUIETT and INVESTMENT PLANNERS INC.,** | ) ) | |
| | ) | |
| **Respondents.** | ) | |

### OPINION

A rule to show cause hearing was held in this case on July 13, 2006. After allowing the parties to be heard on this matter, this court granted the United States' Petition to Enforce Internal Revenue Service Summons (#1). This court now enters a written opinion to fully explain its ruling.

BACKGROUND

On April 19, 2006, the United States of America, through Michael J. Roessner of the U.S. Department of Justice, Tax Division, filed a Petition to Enforce Internal Revenue Service Summons (#1) against Respondents, Steven Pruiett and Investment Planners, Inc. The Government stated that the Internal Revenue Service (IRS) is investigating Pruiett's sales of insurance products that promoted tax savings under 26 U.S.C. § 419A. The Government further stated that, in furtherance of the investigation, IRS summons were issued, and Pruiett has failed to comply with the summonses. The Government requested: (1) that this court enter an order directing Pruiett to show cause in writing as to why he should not comply with the IRS summonses issued on March 21, 2005; (2) that, after consideration of these arguments, this court enter an order directing Pruiett to appear before an IRS officer or employee at a time and place to be determined by that IRS official to give testimony and produce the books, records, papers, and other data requested by the summonses for

examination and copying; and (3) that the Government recover its costs incurred in bringing the Petition. The Government also filed a Memorandum in Support (#2) and the Declaration of Darrell Strohman. Subsequently, the Government's oral motion to file a corrected affidavit was granted, and a corrected Declaration of Darrell Strohman (#4) was filed in support of the Petition.

In his Declaration, dated April 18, 2006, Strohman stated that he is an Internal Revenue Agent conducting an investigation of a possibly abusive tax scheme organized and promoted by Pruiett through his company Investment Planners, Inc. Strohman stated that Pruiett's possible abusive tax scheme involves 26 U.S.C. § 419A(f)(6). Pruiett is a resident of Champaign, Illinois, and Investment Planners, Inc. is an Illinois corporation with its principal place of business in Decatur, Illinois. Strohman stated that the type of investigation he is conducting is commonly referred to as a Section 6700 investigation, named after the section of the Internal Revenue Code which imposes a penalty on promoters of abusive tax schemes. Strohman stated that a Section 6700 investigation primarily involves gathering information. He stated that the IRS must secure information and documents from the promoter and other sources that demonstrate the operation and organizational structure of the tax scheme or plan and how and to whom they marketed it. In connection with this investigation, the IRS served Pruiett with two summonses to determine: (1) whether Pruiett's plans, both on paper and in practice, are consistent with the Internal Revenue Code; and (2) whether Pruiett made any false or fraudulent statements about the plans. One summons was directed to Pruiett personally and the other was directed to Investment Planners, Inc. Strohman recounted his interactions with Pruiett's attorney, Gary Kanter, following the issuance of the summonses. Strohman stated that, ultimately, Pruiett's counsel indicated that Pruiett would not comply with the summonses. Strohman further stated that the summoned documents are necessary to help determine whether Pruiett is engaging in conduct subject to penalty under § 6700. Strohman

stated that all proper procedures were followed but that Pruiett failed to provide the requested documents and appear at the time required by the March 21, 2005, summonses and that his failure to comply has continued to the date of the Declaration. Strohman also stated that the documents and records sought are not in the IRS's possession. A copy of the Summons issued to Pruiett and a copy of the Summons issued to Investment Planners, Inc. were attached to the Declaration.

On May 16, 2006, Magistrate Judge David G. Bernthal entered an Order to Show Cause (#6). Judge Bernthal stated that Respondents were ordered to appear before this court on June 29, 2006, at 1:00 p.m. to show cause why they should not be compelled to obey the Internal Revenue summons issued on March 21, 2005. In this Order, Judge Bernthal stated that he had considered the Government's Petition, the Declaration of Darrell Strohman, and the accompanying Memorandum of law. Judge Bernthal found that the file in this case reflects a prima facie showing that the investigation is being conducted for a legitimate purpose, that the inquiry may be relevant to that purpose, that the information sought is not already within the Commissioner's possession, and that the administrative steps required by the Internal Revenue Code have been followed. Judge Bernthal therefore determined that, pursuant to United States v. Powell, 379 U.S. 48, 57-58 (1964), the burden of coming forward shifted to Respondents to oppose enforcement of the summons. Judge Bernthal stated that any defense or opposition to the Petition had to be made in writing and filed at least 14 days prior to the date of the show cause hearing. The Order stated:

> At the show cause hearing, the Court will consider all issues raised by respondents. Only those issues brought into controversy by the responsive pleadings and supported by affidavit will be considered. Any uncontested allegation in the petition will be considered admitted.

The record shows that the Order to Show Cause was served on Respondents on May 22, 2006. On June 14, 2006, at the oral request of the parties, the show cause hearing was rescheduled for July 13, 2006, at 11:00 a.m.

On June 16, 2006, attorneys Gary Kanter and Lane Gensburg entered their appearance on behalf of Respondents. On June 20, 2006, Respondents filed their Answer to the Government's Petition to Enforce Internal Revenue Summons (#11) and Memorandum in Opposition (#12), with attached exhibits.

In their Response to the Petition, Respondents stated that Investment Planners, Inc. is a registered broker providing various financial products and services to clients and that Pruiett is the president and 67 percent shareholder in Investment Planners. Respondents argued that the summonsed information is not limited to 419A(f)(6) plans determined by the IRS to be abusive, but includes information on any and all 419A(f)(6) plans in which Respondents may have been involved. They argued that "[s]uch request amounts to nothing more than a blatant fishing expedition, and is irrelevant to the purpose of the Section 6700 investigation Strohman is conducting." Respondents argued that, because they are being investigated under Section 6700 for promoting abusive tax shelters, "they have the right to limit the information they are compelled to produce to only those plans determined by the IRS to be abusive." Respondents contended that, without providing that information, "the IRS cannot establish that the information sought by the Summonses is relevant or that the Summonses were issued for a proper purpose." Respondents contended that this court should deny the Petition because: (1) the Government failed to make a prima facie case to enforce the March 2005 summons under the Powell standard; and (2) enforcement of the summons would constitute an abuse of process. Respondents also argued that they should be entitled to discovery. They asserted that a limited evidentiary hearing should be

conducted and discovery should be authorized if the "court is not convinced that the summons were issued for a proper purpose." Respondents provided this court with numerous documents, including Pruiett's affidavit and correspondence between Pruiett's counsel and IRS representatives.

On July 3, 2006, the Government filed its Reply Memorandum in Support of Petition to Enforce Internal Revenue Summons (#13). In its Reply, the Government argued that Respondents' exhibits demonstrate the IRS's repeated good faith attempts to limit the summoned information and Respondents' continued failure to respond to the IRS summonses. The Government argued that Respondents' response fails to offer any legitimate defense to enforcing the summons so that they have clearly failed to meet their heavy burden. The Government also stated that the documents requested in the summons "go to the heart of the IRS investigation regarding I.R.C. § 419A(f)(6)." The Government contended that the demand is not too indefinite and the information sought is reasonably relevant to the IRS investigation.

At the hearing, Respondents' counsel argued that this court should not allow the Government to conduct a fishing expedition and also argued that the case relied upon by the Government, Benistar Employer Servs. Trust Co. v. United States, 2005 WL 3429423 (D. Conn. 2005), involved a third-party record keeper summons and has no application to this case. Respondents also argued that, if this court determined that the summonses should be enforced, they should be limited to the sixteen 419A(f)(6) promotions identified in a letter from Jason Anderson, an attorney for the IRS's Office of Chief Counsel.

ANALYSIS

"Congress has established a statutory structure that endows the IRS with extensive authority to conduct effective tax investigations." United States v. Crum, 288 F.3d 332, 333 (7th Cir. 2002). Under 26 U.S.C. §§ 7402(b) and 7604(b), district courts have jurisdiction to enforce an

administrative summons in an adversarial proceeding commenced by the filing of a petition. Crum, 288 F.3d at 333-34, citing Donaldson v. United States, 400 U.S. 517, 523-25 (1971).

To obtain enforcement of a summons, the Government must show that: (1) the investigation is being conducted for a legitimate purpose; (2) the information sought may be relevant to the investigation and (3) not already in the Government's possession; and (4) the administrative steps required by the Internal Revenue Code have been followed. Powell, 379 U.S. at 57-58; see also United States v. Ins. Consultants of Knox, Inc., 187 F.3d 755, 759 (7th Cir. 1999). "The Powell requirements impose only a 'minimal burden' on the agency" and "can usually be satisfied by an affidavit stating that the government has met them." Knox, 187 F.3d at 759, quoting United States v. Miller, 150 F.3d 770, 772 (7th Cir. 1998). Once the Government meets this prima facie burden, the respondent faces a "'heavy burden' to either present facts to disprove one of the Powell factors, or to show that the IRS issued the summons in bad faith." Knox, 187 F.3d at 759, quoting Miller, 150 F.3d at 772. Summons enforcement proceedings are meant to be summary in nature, and whether to hold an evidentiary hearing is left to the discretion of the district court. 2121 Arlington Heights Corp. v. Internal Revenue Serv., 109 F.3d 1221, 1226 (7th Cir. 1997).

In this case, Judge Bernthal has already reviewed the documents presented by the Government, including the Declaration of Strohman, and concluded that the Government established a prima facie case for enforcement under Powell. This court has likewise reviewed the documents and completely agrees with Judge Bernthal's ruling that a prima facie case has been established. Therefore, Respondents face a "heavy burden" to show that enforcement should be denied.

Respondents' argument is essentially that the Government must show that the 419A(f)(6) plans are abusive in order to establish that the documents it is seeking are relevant and that the Government is acting in good faith. Respondents have cited no authority which so holds and this

court concludes that the Government is not required to make such a showing.

Under Section 6700, any "plan or arrangement" having some connection to taxes can serve as a "tax shelter" and will be an "abusive" tax shelter if the defendant makes the requisite false or fraudulent statements concerning the tax benefits of participation. United States v. Raymond, 228 F.3d 804, 811 (7th Cir. 2000). Section 6700 penalizes any person who organizes or sells a plan or arrangement and makes a fraudulent statement concerning the tax benefits under the plan. See Datamatic Servs., Inc. v. United States, 909 F.2d 1029, 1031 (7th Cir. 1990). Based upon this case law, the Government has pointed out that, contrary to Respondents' construction, Respondents could be liable for Section 6700 penalties if they misrepresented their plans or made false statements relative to any § 419A(f)(6) plans. This court therefore agrees with the Government that Section 6700 does not support Respondents' attempts to limit the IRS's § 419A(f)(6) investigation.

The Government must show only that the summons seeks information with "potential relevance." United States v. Arthur Young & Co., 465 U.S. 805, 814 (1984) (emphasis in original). "[T]he standard for relevancy in summons enforcement cases is relaxed." 2121 Arlington Heights Corp., 109 F.3d at 1224. This is because the IRS "can hardly be expected to know whether such data will in fact be relevant until they are procured and scrutinized." Arthur Young & Co., 465 U.S. at 814; see also United States v. Sidley Austin Brown & Wood LLP, 2004 WL 905930, at *4 (N.D. Ill. 2004).

In Benistar Employer Servs. Trust Co. v. United States, 2005 WL 3429423 (D. Conn. 2005), Benistar sought an order quashing an IRS summons on several grounds, one of which was that no showing had been made of "abusive" promotion of a tax shelter. Benistar, 2005 WL 3429423, at *2. The Magistrate Judge in that case rejected Benistar's arguments and recommended denying the motion to quash summons and granting the Government's motion for summary enforcement of the

summons. The Magistrate Judge in <u>Benistar</u> found that proof that the plan was an "abusive tax shelter" was not required for purposes of a third party record keeper summons under an Section 6700 investigation. <u>Benistar</u>, 2005 WL 3429423, at *6. The Magistrate Judge stated that "[t]o require the IRS to first prove an entity is an 'abusive tax shelter' before it is entitled to discover evidence which would prove or disprove that fact would be inherently illogical." <u>Benistar</u>, 2005 WL 3429423, at *6. The Magistrate Judge concluded that "[a]s long as the IRS has issued this summons in good faith, the summons is enforceable." <u>Benistar</u>, 2005 WL 3429423, at *6. The Magistrate Judge went on to find that the summons was not issued in bad faith and that the issuance of the pending summons did not constitute an abuse of process. <u>Benistar</u>, 2005 WL 3429423, at *6. The Magistrate Judge's recommendation was subsequently adopted by the district court, 2005 WL 3429409 (D. Conn. 2005), and affirmed by the Second Circuit Court of Appeals, 2006 WL 1582693 (2nd Cir. 2006).

This court agrees with the reasoning of the Magistrate Judge in <u>Benistar</u> and further concludes that it is consistent with the applicable case law. This court concludes that the Government is not required to show that the 419A(f)(6) plans are abusive in order to establish that the documents it is seeking are relevant and that the Government is acting in good faith. This court therefore concludes that Respondents have clearly failed to meet their "heavy burden" to present facts to disprove one of the <u>Powell</u> factors or to show that the IRS issued the summons in bad faith. This court also agrees with the Government that Respondents' request for discovery and an evidentiary hearing must be denied. This court does agree with Respondents, however, that the summonses should be enforced only as to the listed 16 promotions.

IT IS THEREFORE ORDERED THAT:

(1) The Government's Petition to Enforce Internal Revenue Service Summons (#1) is

GRANTED as to the listed 16 promotions.

(2)  Respondents are hereby directed to appear before Revenue Agent Strohman or any other IRS officer or employee at a time and place to be determined by that IRS official to give testimony and produce the books, records, papers, and other data requested by the summonses for examination and copying.

(3) The Government is allowed to recover from Respondents its costs incurred in bringing the Petition.  The Government is allowed 21 days, until August 4, 2006, to file an affidavit setting forth the amount of the costs incurred.  Respondents are allowed 21 days thereafter, until August 25, 2006, to file any objections to the amount of the costs requested.

(4) The Government is allowed until July 21, 2006, to file a Response to Respondents' Motion for Leave to File a Document under Seal (#14).

(5) This case is scheduled for a telephone status conference on August 24, 2006, at 9:30 a.m. so that this court can monitor Respondents' compliance with the IRS summonses.

ENTERED this 19th day of July, 2006

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE